Richard L. Brown appeals from his conviction in the Miami County Municipal Court of attempted assault of a police officer and menacing by stalking pursuant to his no contest pleas. Brown was originally charged with the filing of assault of a police officer and the State agreed to reduce this charge in exchange for Brown's no contest pleas.
In two related assignments of error, Brown contends his constitutional rights to effective representation and to due process were violated during the plea process and at the time of sentencing.
Appellant argues his trial counsel was ineffective and his due process rights were violated because he entered the no contest pleas on the condition an unrelated charge out of Piqua, Ohio would be dismissed by the State of Ohio.
The record indicates and the parties agree the unrelated charge was indeed dismissed with prejudice on September 21, 1998 after this appeal was taken. Consequently, appellant has failed to demonstrate how he has been prejudiced by his trial counsel's representation. See, Strickland v. Washington (1984),466 U.S. 668, 686.
Brown also contends his counsel was ineffective for failing to make an argument for mitigation of sentence.
The record reveals that counsel did review the pre-sentence report and that he asked Brown to provide the judge with some of the background behind both of the charges from his perspective. Brown told the court the victim in the stalking case is a neighbor to a police officer and he believed the officer had a conflict of interest. He said he did not intentionally harm the sheriff's deputy but merely wrestled him to the floor of the jail cell. The record fails to show whether any additional mitigating evidence was available to trial counsel.
We do not find counsel's failure to elaborate on the pre-sentence investigation to be ineffective representation. The appellant's first assignment of error is overruled.
Appellant's claim that his due process rights were violated in the trial court is equally unpersuasive. His second assignment is also overruled.
The judgment of the trial court is Affirmed.
BROGAN, J., WOLFF, J., and FAIN, J., concur.